

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

Philip A. Rovner
Partner
(302) 984-6140 Direct Phone
(302) 658-1192 Fax
provner@potteranderson.com

August 26, 2008

**BY E-FILE**

The Honorable Sue L. Robinson
United States District Court
U.S. Courthouse
844 King Street
Wilmington, DE 19801

      Re:    Human Genome Sciences, Inc. v. Genentech, Inc.
               C.A. No. 08-166-SLR

Dear Judge Robinson:

      We represent defendant, Genentech, Inc., in this litigation, which is an action filed under 35 U.S.C. § 146. This § 146 action is related to another § 146 action just dismissed by this Court, *Human Genome Sciences, Inc. v. Amgen, Inc.*, Case No. 07-780-SLR ("*HGS/Amgen*"). We write in light of this Court's recent ruling in *HGS/Amgen* denying HGS's Motion for Reconsideration (*HGS/Amgen* D.I. 37). The Federal Circuit appeal in that action may be reactivated, *see id.* at n.1, and that appeal has implications for appellate consolidation and judicial efficiency.

      Both § 146 actions involve the same HGS patent (U.S. Patent No. 6,872,568), a common party (HGS), and – most important – a common threshold issue: whether HGS failed to exhaust its administrative remedies in the respective underlying interference proceedings before the Board of Patent Appeals and Interferences of the United States Patent and Trademark Office. (*Cf.* DI 10 [Genentech's pending Motion to Dismiss] *with HGS/Amgen* D.I. 27 & 28 [Memorandum and Order granting Amgen's Motion to Dismiss].) Because a central threshold issue in the two cases is the same, Genentech believes that were the Court to grant Genentech's pending motion to dismiss (D.I. 9, 10), it would serve the interests of judicial economy for the Federal Circuit to have the opportunity to consolidate the appeals in the two cases pursuant to Rule 3(b)(2) of the Federal Rules of Appellate Procedure.

The Honorable Sue L. Robinson
August 26, 2008
Page 2

       We do not presume to predict the Court's ruling on Genentech's pending and fully briefed Motion to Dismiss (D.I. 9, 10 [Genentech's Motion to Dismiss]; D.I. 15 [HGS's Answering Brief]; and D.I. 17 [Genentech's Reply Brief]). Rather, we respectfully write only to inquire whether there is a process by which the Court's resolution of that pending motion could be expedited, so that the Federal Circuit would have the opportunity to hear a consolidated appeal should the Circuit so direct (and should this Court grant Genentech's motion). We would expect the parties to be prepared for oral argument at the Court's instruction.

       Respectfully,

       /s/ Philip A. Rovner

       Philip A. Rovner
       provner@potteranderson.com

PAR/mes/879980
cc:    Steven J. Balick, Esq. – By CM-ECF, Hand Delivery and E-mail
       Richard L. DeLucia, Esq. – by E-mail